United States District Court
Southern District of Texas
ENTERED
November 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEIVER TOVILLA PEREZ, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-7321 |
| | § | |
| | § | |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al.* | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Petitioner Cleiver Tovilla Perez is detained in the custody of officials with Immigration and Customs Enforcement (ICE). Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). The petition, filed on September 1, 2026, claims that the petitioner's detention since August 10, 2026, without a constitutionally adequate bond hearing violates the Due Process Clause.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241 *et seq*., the Court will dismiss this petition based on binding Fifth Circuit authority.

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The Fifth Circuit held in February 2026 that two petitioners who had been present in the United States for many years, and who had not been apprehended by immigration officials before the detention at issue in the case, were subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). On October 23, 2026, the Fifth Circuit sitting *en banc* held that petitioners who have not been lawfully admitted to the United States "are not entitled to additional process concerning their admission beyond what Congress provided in § 1225(b)(2)" and, moreover, are not entitled to a hearing to assess dangerousness or flight risk. *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at * 14 (5th Cir. Oct. 23, 2026) (*en banc*); *see id.* * 13 (declining to address whether due-process issues might arise if a petitioner's detention no longer served its immigration purpose, if removal proceedings were a façade to incarcerate a petitioner for other reasons, or based on duration of detention).

Pursuant to Habeas Rule 4 and the authority cited above, this habeas action is **DISMISSED with prejudice** based on the facts and arguments currently presented.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 18, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE